■ MARSHALL J. BREGER et al., Individually and as Stockholders of Estate Appraisal and Valuation Co., Inc., Infants, by BEATRICE BREGER, Their Guardian, Respondents, v. HAMPSHIRE COUNTRY CLUB, INC., Appellant, and ESTATE APPRAISAL AND VALUATION CO., INC., et al., Respondents.— Order, entered on December 12, 1967, denying the motion of defendant, Hampshire Country

Club, Inc., for summary judgment against plaintiffs and codefendants, unanimously reversed on the law and summary judgment granted to defendant-appellant against plaintiffs and defendants-respondents, with $50 costs and disbursements to appellant. In this action to rescind an agreement dated May 7, 1959, which modified a lease executed on January 2, 1952, the plaintiffs have failed to set forth any evidentiary facts indicative of undue influence, coercion or fraud which form the basis of their causes of action. Likewise, the claim of lack of consideration is refuted by the record. The conclusory allegations contained in the complaint and affidavits submitted by the plaintiffs in opposition to the motion of the defendant, Hampshire Country Club, Inc., for summary judgment, are legally insufficient to defeat the motion. Similarly unsupported by the record is the claim of the defendant-respondent, Miles Breger, that the 1959 modification agreement was not the one dictated in his presence, but was one which was the result of fraud and deceit practiced upon him by defendant. Hampshire Country Club, Inc. No evidentiary fact is set forth in support of this contention. On the contrary, the agreement bears the initials of defendant-respondent, Miles Breger, on each and every page thereof and, further, the record establishes that such modification agreement was the result of several months of negotiations during which both sides were represented by counsel. It is also noteworthy that the parties entered into a second modification agreement in 1966 and no question was raised as to the validity of the earlier one of 1959. Nor do the parties now question the validity of the latter agreement. Under the circumstances, the conclusion is inescapable that the later agreement constituted a ratification of the earlier one. Concur — Stevens, J. P., Steuer, Capozzoli, McGivern and McNally, JJ.